UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERLYNN MacDONALD,                         No. 14-12695

    Plaintiff,                                            District Judge George Caram Steeh

v.                                                                Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This is a Social Security Disability appeal brought under 42 U.S.C. § 405(g). Before the Court is the Defendant's Motion to Dismiss [Doc. #5], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed, below, I recommend that the motion be GRANTED and that the complaint be DISMISSED.

**I.   FACTS**

    The procedural history of this case is recounted in the declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, appended to Defendant's motion to dismiss. At ¶ 3 of his declaration, Mr. Herbst states that his review of the official file of Plaintiff Cherlynn Marie MacDonald shows the following:[1]

    (a) On November 8, 2012, an Administrative Law Judge ("ALJ") issued a partially

---

[1] Attached to Mr. Herbst's declaration are exhibits from Plaintiff's file, supporting the statements in the declaration.

favorable decision on Plaintiff's application for Disability Insurance Benefits Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act.[2] The ALJ found the Plaintiff disabled from May 20, 2009 through November 1, 2010, but not disabled as of November 2, 2010. The ALJ's Notice of Favorable Decision also stated that the Appeals Council may decide to review the decision on its own.

(b) On January 7, 2013, the Appeals Council issued a notice of its intent to review the ALJ's decision.[3] The Appeals Council's notice stated, "We plan to limit the period at issue to the period from February 16, 2011 through November 8, 2012, the date of the hearing decision on your current claims, and issue an unfavorable decision finding you not disabled during that period." *Herbst Declaration*, Exhibit 2, p. 2.

(c) On November 15, 2013, the Appeals Council issued a final, unfavorable decision.[4] The Notice of Decision informed Plaintiff of her right to commence a civil action within 60 days of when she received it. The Notice and the decision were mailed to her at her address in Rhodes, Michigan, and a copy was also mailed to her representative, Aaron Lemmens, in Saginaw, Michigan.

Plaintiff filed her complaint in this Court on July 9, 2014.

In her response [Doc. #7], Plaintiff concedes that she filed her complaint beyond the 60-day limitations period, but by way of justification states that "the alleged failure to file within 60 days of the final decision was due to the Plaintiff never receiving the final decision of the Appeals Council." *Plaintiff's Response*, ¶ 10. Plaintiff states that she "still

---

[2] ALJ Kevin J. Detherage's decision is appended to the declaration as Exhibit 1.

[3] *Herbst Declaration*, Exhibit 2.

[4] *Herbst Declaration*, Exhibit 3.

has not received that final decision from the Appeals Council." *Id*. ¶ 9.

## II.     LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeal Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.' " *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007) (quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III.  DISCUSSION

The Appeals Council mailed its Notice of Action and final decision to Plaintiff on November 15, 2013. Adding the five days for mailing, Plaintiff and her representative presumptively received the Notice by November 20, 2013. Sixty days from that date would give her until January 19, 2014 to file her complaint in this Court. She did not do so until July 9, 2014, almost six months past the limitations period.

Unquestionably, the complaint in this case was filed grossly out of time, and it must be dismissed unless Plaintiff can show entitlement to equitable tolling. Applying the five *Cook* factors, I find that she has not carried her burden of showing entitlement to equitable tolling.

The lack of actual notice and the lack of constructive knowledge of the filing requirement can be considered together. The Appeals Council's Notice was not only sent to the Plaintiff at her home address, but a copy was sent to her representative, Aaron Lemmens.[5] Plaintiff has not alleged that Mr. Lemmens failed to receive the notice, and Mr. Lemmens has not submitted a declaration or affidavit regarding his receipt of the Notice. Even if the Plaintiff could successfully rebut the presumption that she received the Notice and Decision five days after the Appeals Council mailed it–and I find that she has not done so–she would have had constructive, if not actual knowledge by virtue of her representative having received a copy. Finally, Plaintiff's claim that she had not received

---

[5] According to the Michigan Bar Member Directory, Mr. Lemmens is an attorney employed by present counsel's firm. The address to which the notice was sent–1121 N. Michigan Avenue, Saginaw, MI, is present counsel's address.

a copy even as of the filing of her response on September 30, 2014 rings hollow in light of the fact that she filed a complaint on July 9, 2014, challenging the Commissioner's final decision.

Plaintiff was not diligent in pursuing her rights. This is not a situation where the Appeals Council's decision was misdirected, or where the complaint was untimely by only a day or two. The complaint was filed almost six months late, by an attorney. The Plaintiff did not address the issue of untimeliness in her complaint.

One could posit that there would be no significant prejudice to the Commissioner in permitting the late filing of this complaint. However, in affirming the dismissal of a complaint that was only one day late, the Sixth Circuit in *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007), stated:

> "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."

As to the fifth and final factor–Plaintiff's reasonableness in remaining ignorant of the filing deadline–the Notice clearly informed her that she had 60 days to file a civil action. As discussed above, her claim that she was unaware of the Appeals Council's November 15, 2013 decision is unpersuasive.

Again, equitable tolling is to be granted sparingly, and only upon a showing of exceptional circumstances. *Jackson v. Astrue, supra*; *Graham Humphreys*, *supra*. In light of the five *Cook* factors, Plaintiff has not made out a meritorious claim for equitable tolling, and her Complaint should therefore be dismissed as untimely.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #5] be

GRANTED, and that the Complaint be DISMISSED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                              s/R. Steven Whalen
                                                              R. STEVEN WHALEN
                                                              UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2015

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing document was sent to parties of record on January 6, 2015, electronically and/or by U.S. mail.

                                                              s/Carolyn M. Ciesla
                                                              Case Manager